Opinion or the Court, by
Judge Owsley.
THIS is an appeaWrom a judgment rendered in' favor of the justices of the*eounty court of Caldwell county, against Whitnell, for not having discharged the amount of the county levy, which was levind for the year 1818, and of which 'Whitnell, as sherffif of the county, was made collector by the order of the court.
Various questions are raised by the assignment of errors. First, it is contended that the notice which was given Whitnell of the intended application for a judgment, is insufficient. No specific exception is, howeverj taken to the- notice, and-no substantial objection is perceived by the court. The notiée, it is true, appears to have beep drawn ub by -the attorney for the county court, and contains a suggestion,.(Sat, on behalf ©f the court, the attorney would move the cou-j>t for *148 judgment against Whitnell, for'the amount of levy ccfl-ky him in 1817 and 181?; hut 'no objection is perceived to uniting in the same notice, the levy fo'r both years; and, as the officer of the court, it was; no doubt, competent for the attorney to give the notice,
^enti^ro - «ly rendered in/avoroftbe justices of the andm^-ynev-ertheless be rendered by wUhsfamding they are plaintiffs in the motion.
*s was the court, upon a notice in its own favor, to render judgment in behalf of itself, against Whitnell. The answer to this objection is found in the act of the legis-Lture of this country, concerning county levies. The act explicitly authorises the county court, after giving tó the sheriff or collector ten days’ previous notice, to enter judgment against him for whatever may appear to be due of the levy, upon his failure to account for the same. The act has not, in express language, directed the judgment to be entered in the name of the justices of the county court; but they are made the organs of the law, by whom the levy is to be laid, and to whom the collector is to account, and according to the most obvious import of the act, in whose names judgment ought to be rendered against the collector, for a failure to account to them for the levy.
Such other objections as merit any answer, are properly involved in the question, whether or not, ujgpn the evidence given, the court was correct in rendering judgment against Whitnell? That it was correct, we eqtertain no doubt. The evidence is ample, and proves, conclusively, every fact necessary to show the liability of Whitnell and the propriety of the judgment which was rendered against him.
Judgment affirmed with costs ánd damages.