*Grigsby* for appellants : *Woolley and Harlan & Craddock* for appellee.

---

## Justices of Grant County *vs* Bartlett *et al.*    MOTION.

### ERROR TO THE GRANT COUNTY COURT.

*Motions.   Collectors.   County Levies.*    Case 51.

CHIEF JUSTICE EWING delivered the opinion of the Court.    Oct. 15:

THIS is a motion against the sureties of the Sheriff of Grant county, as Collector of the levies of 1839, for failing to pay over to the County Court, the balance found due in his hands on settlement. Upon a demurrer of the defendants, (whether to the notice or to the evidence, does not appear, as the demurrer is not in the record,) the County Court gave judgment against the plaintiffs, and dismissed the motion; and the case has been brought to this Court for revision. It is difficult to perceive upon what ground the judgment of the Court was made to rest.

The notice is certain to a common intent, was properly given by the attorney of the county, in behalf of the County Court, to whom, as the organs of the county, the Collector is required by law to account, (4 *Littell*, 147.)

The motion was properly made against the sureties alone, and could not have been made jointly against them and the Collector, as has been frequently decided by this Court. Though the settlement seems to have been made by three Commissioners, who do not appear to be Justices, and the act of 1793, authorises the County Court to appoint *two* of their own body to make the settlement, who are required to give ten days' notice of the time and place of settlement; yet the act of 1797, contains no provision of the kind, and we apprehend, that the authority to the County Court to appoint two of their own body, is a mode provided to coerce a settlement, under the pen-

*The case stated.*

*The County Ct. Attorney is the proper person to give notice in behalf of the County Court, of a motion intended against the sureties of a Collector for failing to pay the County levy.*

*Where a County collector attends and makes a settlement with Commissioners, appointed by the County Court, which has been approved by the Court, he cannot object to such settlement because the commissioners were not members of*

JUSTICES GRANT
  COUNTY
    vs
BARTLETT et al.

the Court,—or that he had not notice of their meeting.

ally denounced, which the County Court may or may not exercise at its discretion, and that if a settlement has been made with the Collector, and report thereof made to and sanctioned by the Court, that such settlement is valid, and no objection can be afterwards made to it, that he had not notice of the time and place of settlement. His meeting and making the settlement, is a waiver of notice and of objection to the Commissioners with whom it was made.

A bond of a Collector of County levy executed to the Commonwealth, is valid since the statute of 1810.—

—And a misrecital of the am't. of the sum to be collected, will not render the bond invalid, or prevent a recovery of the proper balance found due on settlement.

Nor is there any valid objection to the bond, because of its execution to the Commonwealth. By the act of 1810, (2 *Statute Laws*, 1250,) the bond is expressly required to be executed to the Commonwealth. And by the proviso appended to the act, the bond, whether executed to the Justices or the Commonwealth, is valid. And though the bond recites in its condition, the amount of the levy at $650, when the true amount ascertained by the settlement, exceeds that sum, and when the amount previously accounted for by the Collector, also exceeds it, as he was made the Collector of the *whole levies* laid in 1838, and collected in 1839, and undertook to collect the whole by the condition of his bond, a misrecital of the true amount cannot invalidate his bond, or discharge his sureties from their undertaking for his collection and accounting for the *whole* amount assessed, or at any rate, from the amount sought to be recovered from them, which is greatly under the amount recited.

Besides, the demurrer, if it be regarded as a demurrer to the evidence, admits all the evidence adduced, and every fact which could be rationally deduced from it, and amounts to a waiver of the most, if not all of the objections raised.

The judgement of the County Court is reversed, and cause remanded, that a judgment may be rendered in favor of the county against the defendants for the balance reported as unpaid by the Collector.

*McCann* for plaintiffs: *Morehead & Reed* for def'ts.